﻿Citation Nr: AXXXXXXXX
Decision Date: 09/27/19 Archive Date: 09/27/19

DOCKET NO. 190415-8867
DATE: September 27, 2019

ORDER

An overpayment of Veterans Affairs (VA) compensation benefits in the amount of $8,025.71 was properly created; the appeal is denied. 

REMANDED

Entitlement to waiver of recovery of an overpayment of VA compensation benefits after September 14, 2017, is remanded.

FINDINGS OF FACT

1. The Veteran’s spouse died in February 2015; the removal of his spouse retroactively from his award resulted in the creation of an overpayment of $8,025.71. 

2. The Veteran was not legally entitled to additional compensation benefits for his dependent spouse after her death, and the overpayment was not solely the result of VA administrative error.

CONCLUSION OF LAW

The overpayment of VA dependent benefits in the amount of $8,025.71 was properly created. 38 U.S.C. §§ 1115, 5110, 5111, 5112; 38 C.F.R. § 3.401, 3.500, 3.501. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from December 1943 to October 1945. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 letter of the Department of Veterans Affairs (VA) Regional Office (RO), notifying the Veteran that his deceased spouse was being removed from his award, effective March 1, 2015, and an April 2019 letter from the VA Debt Management Center notifying him that the change resulted in an overpayment of $8,025.71.

With his April 2019 Notice of Disagreement, the Veteran requested a waiver of the debt accrued after September 14, 2017, arguing that he had notified VA of his wife’s passing on that date. Neither the Committee on Waivers and Compromises nor the RO has addressed the Veteran’s waiver request. Consequently, the Board does not have jurisdiction over the wavier issue. 38 C.F.R. § 19.9(b); see also 38 C.F.R. § 1.911(c)(1); VAOPGCPREC 6-98. The Board may still decide the instant issue of the validity of the debt. Schaper v. Derwinski, 1 Vet. App. 430, 434 (1991).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for appeals of VA decisions. In his April 2019 decision review request, the Veteran elected direct review by the Board, based on the evidence of record before the agency of original jurisdiction (AOJ). The Veteran was informed that he was not entitled to a hearing and that the Board will not consider any evidence added to the file after the decision on appeal. 

Whether an overpayment in the amount of $8,025.71 created by the removal of the Veteran’s deceased spouse from his award of VA disability compensation was properly created.

An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. 38 U.S.C. § 5302; 38 C.F.R. § 1.962. 

The law provides for the rates of disability compensation, and for payment of additional compensation for dependents of veterans who are at least 30 percent disabled. 38 U.S.C. §§ 1114(c), 1115, 1134, 1135. Entitlement to that additional allowance is terminated upon the death of the dependent spouse. 38 U.S.C. §§ 101(4)(A), 1115; 38 C.F.R. §§ 101(4)(A), 3.57. 

The Veteran was, at all times relevant to the period in question, rated appropriately to receive additional compensation for a spouse. In addition, dated from when the Veteran was awarded VA compensation in 2005, he was provided VA Forms 21-8764 which indicated that the failure to notify the RO in a prompt fashion of a dependency change would result in an overpayment. The Veteran was notified in a series of letters in 2005 and 2006 that he had been awarded additional benefits for a dependent—his spouse. The letters asked the Veteran to inform VA right away if there was a change in his marital status and were accompanied by VA Forms 21-8764. In addition, he was sent a VA Form 21-0538 in September 2013, which provided a reminder that the Veteran was responsible for reporting any change in his number of dependents. 

On September 14, 2017, the Veteran contacted VA via telephone to report that his spouse had passed away in February 2015. See Report of Information. He continued to receive additional benefits for his deceased spouse until March 2019, when he contacted VA to report that his wife was still included in his award. See March 2019 VETSNET Award Print. The overpayment at issue is the result of the Veteran’s spouse having been included in his award after her passing in February 2015—from March 2015 to March 2019.

The Board recognizes that there was a period where no action was taken on the part of VA. Accordingly, the Board has considered whether there was sole administrative error in the payment of the additional benefits for a spouse due to the delay. Under 38 U.S.C. § 5112(b)(10), the effective date of a reduction or discontinuance of compensation by reason of an erroneous award based solely on administrative error or error in judgment shall be the date of last payment. See also 38 C.F.R. § 3.500(b)(2). “Stated another way, when an overpayment has been made by reason of an erroneous award based solely on administrative error, the reduction of that award cannot be made retroactive to form an overpayment debt owed to VA from the recipient of the erroneous award.” Erickson v. West, 13 Vet. App. 495, 499 (2000). The Board notes, however, that sole administrative error may be found to occur only in cases where the Veteran neither had knowledge of nor should have been aware of the erroneous award. Further, such error contemplates that neither the Veteran’s actions nor his failure to act contributed to the erroneous award. 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2).

Here, the Veteran did not notify VA of his spouse’s death until approximately 2.5 years after the fact. While he did report his wife’s death in September 2017, for approximately 1.5 years the Veteran received no additional information from VA and the Veteran’s monthly payment remained the same. The Veteran should have been aware that he was erroneously receiving benefits because there was no reduction in his benefits after he reported that his spouse had died.

The RO terminated the Veteran’s additional benefits for his spouse from the time of her death onward. This action was proper. The law is clear that the Veteran’s right to receive additional disability compensation with respect to his spouse ceased after her death. 

The Board notes it appears the Veteran’s main contention is regarding his lack of fault in the creation of the debt from September 14, 2017 forward. See April 2019 Statement. However, as noted above, the Board does not have jurisdiction over his waiver request.

REASONS FOR REMAND

Entitlement to waiver of recovery of an overpayment of VA compensation benefits in the amount of $8,025.71.

The Veteran contends that the amount of the overpayment that was created after he reported his spouse’s death in September 2017 should be waived. The Board notes that the Committee on Waivers and Compromises (CWOC) has not addressed the Veteran’s waiver request. Accordingly, for due process reasons, the Veteran’s waiver request must be remanded to the Committee on Waivers and. 

The matters are REMANDED for the following action:

1. Ask the Committee on Waivers and Compromises to adjudicate the Veteran’s request for a waiver of recovery of the overpayment from September 14, 2017, forward. 

 

Marissa Caylor

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Wimbish, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.